```
ROBERT WAGGENER - SBN - 118450
214 DUBOCE AVENUE
SAN FRANCISCO, CA 94103
Phone:       (415) 431-4500
Fax:         (415) 255-8631
E-Mail:      rwlaw@mindspring.com
```

Attorney for Defendant ESAU FERDINAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR13 0764 WHO |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO SUPPRESS TELEPHONE DATA** |
| v. | Date:    October 15, 2015 |
| ESAU FERDINAND, | Time:    9:00 a.m. |
| | Crtrm.:  Honorable William H. Orrick |
| Defendant.                         / | |

**TO:    THE UNITED STATES DISTRICT COURT; ASSISTANT UNITED STATES ATTORNEYS WILLIAM FRENTZEN AND DAMALI TAYLOR; AND TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on October 15, 2015, at 9:00 a.m., or as soon thereafter as this motion may be heard in the above-referenced Court, Defendant Esau Ferdinand, by and through his attorney, Robert Waggener, will move this Court for an Order suppressing telephone data obtained from the cell phone of defendant Esau Ferdinand on October 25, 2011.

This motion is made on the grounds that the aforementioned telephone data was obtained without a warrant in violation of the Fourth Amendment of the United States Constitution.

MOTION TO SUPPRESS TELEPHONE DATA

1    This motion is brought pursuant to Rules 12(b)(3)(C) and 41(h) of the Federal Rules of
2 Criminal Procedure.
3    This motion is based on this Notice, the attached Memorandum of Points and Authorities,
4 the accompanying declaration of counsel, the records and files in this action, all applicable law,
5 and on such further pleadings and arguments as may be presented before and at the hearing of
6 this matter.

8 Dated: September 17, 2015        Respectfully submitted,

10                                   _____/s/_____
                                     ROBERT WAGGENER
11                                   Attorney for Defendant
                                     ESAU FERDINAND

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF THE CASE AND INTRODUCTION

A Second Superseding Indictment filed on April 14, 2014 charges 11 defendants and 22 counts. Defendant Esau Ferdinand is charged in Counts One (conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d)), and Counts Twelve through Fifteen. (alleging acts carried out on April 3, 2011; (Attempted Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5)); Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. § 1959 (a)(3); Maiming in Aid of Racketeering (18 U.S.C. § 1959(a)(2); and use/Discharge of a Firearm in Furtherance of a Crime (18 U.S.C. § 924 (c)(1)(a)).  All the defendants in the case are alleged to be members or associates of the Central Divisadero Players violent street gang, also known as the "CDP" gang.  The Second Superseding Indictment also contains a notice of sentencing factors as to Count One.  The notice alleges that Ferdinand and the other defendants agreed to commit the murder of actual and suspected rival gang members, persons suspected of cooperating with law enforcement, and persons who defied the will of the CDP.

This motion challenges a phone dump of the data content of Esau Ferdinand's cell phone on October 25, 2011, hours after he was arrested by the San Francisco Police Department. There is no indication that the search of the phone was pursuant to a warrant and no warrant has been produced in the discovery in this case.

### II.

### STATEMENT OF RELEVANT FACTS

Defendant Esau Ferdinand was arrested by officers of the San Francisco Police Department on October 25, 2011 pursuant to outstanding arrest warrants. The incident report referencing Ferdinand's arrest and being held in custody at Southern Police Station (BG005730) reports the time of the occurrence as 1:30 p.m. When he was arrested, Mr. Ferdinand was in possession of a cell phone.

Within the discovery produced in this case is a 140 page download of the contents of "Ferdinand's Telephone", a UFED Samsung CDMA SCH-R380 (MetroPCS). (BG005840-6180; See Also BG080255-06)) The report is dated Tuesday, October 25, 2011 4:08 p.m..[1] The report contains 139 Contacts, over 600 Phone SMS-Text Messages, over 275 Images, and incoming and outgoing call information. The government has not produced any search warrant for the contents of Mr. Ferdinand's phone.

## ARGUMENT

### I.

### THE WARRANTLESS SEIZURE OF THE DEFENDANT'S CELL PHONE DATA WAS ILLEGAL

In *Riley v. California*, 573 U.S. ___, 134 S.Ct. 2473 (2014), the Supreme Court addressed whether the police may, without a warrant, search digital information on a cellphone seized from an individual who has been arrested. *Riley*, 134 S. Ct. at 2480. The *Riley* Court emphasized that the issue before the Court concerned "the reasonableness of a warrantless search incident to a lawful arrest." Id. at 2482. Hence, the Supreme Court reviewed three cases that addressed searches incident to arrest, *Chimel v. California*, 395 U.S. 752 (1969), *United States v. Robinson*, 414 U.S. 218 (1973), and *Arizona v. Gant*, 556 U.S. 332 (2009), and explained this "search incident to arrest trilogy." *Id.* at 2484. In this case, law enforcement searched Mr. Ferdinand's cellphone after seizing it from his person during arrest, so Riley clearly applies.

The *Riley* Court addressed whether the search incident to arrest exception applies to the search of a cellphone. *Riley*, 134 S. Ct. at 2482 ("[I]t has been well accepted that [a search incident to arrest] constitutes an exception to the warrant requirement"). The Court in *Riley* declared unwarranted cellphone searches incident to arrest to be an unconstitutional infringement of Fourth Amendment rights. *Id.* at 2480-95. The Court balanced the right of privacy underlying the warrant requirement against countervailing governmental interests, such as officer safety and prevention of evidence destruction, and concluded that the "answer to the question of what police

---

[1] The report indicates the "Extraction start date/time" to be 10/25/11 15:56:17.

MOTION TO SUPPRESS TELEPHONE DATA              4

must do before searching a cell phone seized incident to an arrest is accordingly simple - get a warrant." *Id.* at 2495.

Here, the government has not produced any warrant to justify the seizure of the data contained on Mr. Ferdinand's phone.[2] The phone dump that took place hours after Mr. Ferdinand's arrest was illegal.

## CONCLUSION

For the foregoing reasons, Defendant Ferdinand's telephone data seized on October 25, 2011 should be suppressed.

Dated: September 17, 2015               Respectfully submitted,


                                        /s/
                                        ROBERT WAGGENER
                                        Attorney for Defendant
                                        ESAU FERDINAND

---

[2] It is to be noted that a State of California search warrant for the detail records of a phone number believed to be used by Esau Ferdinand (650-754-3323) has been produced by the government in this case. (BG080256) However, the affidavit in support of the warrant has not yet been produced, and the defense is waiting for a response to the discovery request for the affidavit. The warrant was issued by a San Francisco Superior Court Magistrate on April 18, 2011 and was for detail records between October 25, 2010 and December 6, 2010 (a time period surrounding the Jelvon Helton homicide).

MOTION TO SUPPRESS TELEPHONE DATA               5