1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  DAMALI A. TAYLOR (CABN 262489)
   WILLIAM FRENTZEN (LABN 24421)
5  SCOTT D. JOINER (CABN 223313)
   Assistant United States Attorneys
6
   450 Golden Gate Avenue, Box 36055
7  San Francisco, California 94102-3495
   Telephone: (415) 436-7200
8  FAX: (415) 436-6753
   william.frentzen@usdoj.gov; damali.taylor@usdoj.gov; scott.joiner@usdoj.gov
9
   Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA | ) CASE NO. CR 13-0764 WHO |
|---|---|
| v. | ) UNITED STATES' OMNIBUS OPPOSITION TO ) DEFENDANTS FERDINAND AND HARDING |
| MONZELL HARDING and ESAU FERDINAND | ) MOTIONS TO SUPPRESS ) |
| Defendants. | ) Date: October 15, 2015 ) Time: 9:00 am ) |

**INTRODUCTION**

Defendants Harding and Ferdinand have each moved to suppress the results of warrantless searches of their cell phones incident to their respective arrests. *See* Docket Nos. 482, 489. Neither defendant challenges the legality of his arrest. Although the arrests are unrelated, the arguments made by each defendant in their motion are virtually identical, as is the law compelling denial of their motions. As a result, the government submits this omnibus opposition.

As discussed below, the motions should fail because the officers' actions were lawful when performed. The purpose of the exclusionary rule is to deter future Fourth Amendment violations, not to

remedy past ones. *Davis v. United States*, 131 S. Ct. 2419, 2426 (2011). For these and all the reasons discussed below, both motions should be denied.

## STATEMENT OF FACTS

### I. Monzell Harding's January 2010 Arrest

On January 22, 2010, defendant Harding was arrested and charged with robbery by San Francisco police officers. As was perfectly lawful at the time, his cell phone was seized and downloaded incident to that arrest. Specifically, defendant Harding's phone was downloaded less than two hours after his arrest.[1] The defense has moved to suppress the results of that cell phone search. Defendant Harding does not question the legality of either his arrest or his phone's seizure, and so the government will not recite the ample probable cause for either herein. He challenges only the validity of the warrantless search of the phone. In doing so, he relies on the recent Supreme Court decision in *Riley v. California*, 134 S.Ct. 2473 (2014) and its progeny.

### II. Esau Ferdinand's October 2011 Arrest

On October 25, 2011, defendant Ferdinand was arrested by San Francisco police officers for April 3, 2011 attempted murder, aggravated assault and robbery, in connection with the pistol whipping

---

[1] There is a small dispute between the parties as to the length of the delay. While a four hour delay between arrest and search would be perfectly lawful for all of the reasons stated herein, for the purpose of clarity, the record suggests that the space of time between Harding's arrest and the search of the phone was more likely less than two hours. The chronology states that on January 22, 2010 at 1:17 p.m., Harding was detained pending investigation. Indeed, Harding was not Mirandized until 3:55 p.m. and not booked (where he phone was seized) until after his interview with SFPD (which lasted for approximately 47 minutes). At 5:44 p.m., the SFPD Sergeant began the download of Harding's phone. The incident report states:

> On Friday, 1/22/2010 at approx. 1130 hours, I spoke with Off. Griffin #1834 regarding SFPD #100-049-451. I told him that Harding, Monzell was identified as a suspect in a robbery and if located to **stop, detain and notify me**. Off. Griffin and I had had prior contacts with and **arrested** Harding on prior occasions.
>
> At approx.. 1317 hours , Off. Griffin, Sgt. Burrows #194, and Off. Jackson #4093 saw Harding standing in front of 1728 Turk Street….They **detained** Harding without incident, notified me and transported him to Northern Station.
>
> Sgt. Manning and I responded to Northern Station for follow-up. Sgt. Manning read Harding his Miranda Rights and Harding agreed to speak with us. Harding confessed to the robbery and was **later booked** at Northern Station on the above listed charges.

See Def. Exh. A-C (emphasis added). The fact that the sergeant uses the term "arrest" and the term "detain" in the same paragraph to connote different concepts makes clear that defendant Harding was not, in fact, arrested at 1:17 p.m. Defendant Harding was not booked until after the interview.

of a 78 year old man.  After evading police for several months, Ferdinand was arrested pursuant to an active warrant.  As was perfectly lawful at the time, his cell phone was seized and downloaded incident to that arrest.  The defense has moved to suppress the results of that cell phone search.  Like Harding, defendant Ferdinand does not question the legality of either his arrest or his phone's seizure.  He challenges only the validity of the warrantless search of the phone.  In doing so, he relies heavily on the *Riley* decision.

**A. The Defendants' Reliance on *Riley* and *Camou* is Misplaced.**

On June 25, 2014, the United States Supreme Court held in *Riley* that police officers, generally, cannot, without a warrant, search digital information on the cell phones seized from the defendant incident to arrest.  The Supreme Court did not hold that the cell phone could not be seized incident to the arrest.  In fact, the Supreme Court affirmed *Chimel v. California*, 395 U.S. 752 (1969), which holds that a search incident to arrest may be done with respect to the area within the arrestee's immediate control, where it is justified by interests in officer safety and in preventing destruction of evidence.

*Riley* was not decided until June 25, 2014.  Before *Riley*, the controlling law in California was *People v. Diaz*, 51 Cal. 4th 84 (2011), which upheld a warrantless delayed search of a cell phone.  Specifically, the California Supreme Court held that an officer's warrantless search of the text message folder of a cell phone 90 minutes after his arrest was a valid search incident to a lawful custodial arrest.  In reaching its decision, the *Diaz* court analyzed precedent where searches of personal property (clothes, cigarette package) incident to arrest occurred as much as 10 hours after arrest.  *See United States v. Edwards*, 415 U.S. 800 (1974).  The *Diaz* court expressly rejected the lapse in time argument the defendant Harding makes in his motion.  It concluded that a cell phone taken from a defendant's person is personal property just like in *Edwards*.  *Diaz*, 51 Cal. 4th at 94.  The California Supreme Court also rejected the argument that the validity of a warrantless search depends on the character of the searched item.  *Id*. at 95-96.  The California Supreme Court opinion in *Diaz* superseded a 2008 California Court of Appeals opinion that conducted the same analysis and reached the same conclusion.  *See People v. Diaz*, 165 Cal.App.4th 732 (2008).  Finally, the United States Supreme Court has held that evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule.  *Davis v. United States*, 131 S.Ct. 2419 (2011).

At least two courts in this District have agreed that, "to the extent *Riley* changed the law regarding the constitutionality of cellphone searches, suppressing evidence because of the officers' pre-*Riley* actions would serve little deterrent purpose." *See, e.g.*, *United States v. Garcia*, 68 F. Supp. 3d 1113, 1119 (N.D. Cal. 2014) (Tigar, J.) (denying motion to suppress), *cited to with approval in United States v. Johnson*, CR 14-412 (TEH), Docket No. 202 (N.D. Cal. 2015).[2] Moreover, courts outside of this District have also declined to suppress cell phone evidence resulting from pre-*Riley* searches incident to arrest. *See United States v. Spears*, 31 F. Supp. 3d 869, 874–75, No. 4:14–CR–82–O, 2014 WL 3407930, at *4 (N.D. Tex. July 14, 2014) (suppression inappropriate since, before Riley, a 2007 Fifth Circuit opinion held that an officer was permitted to search a cell phone pursuant to lawful arrest); *United States v. Clark*, 29 F. Supp. 3d 1131, 1145–47, No. 1:13–CR–84, 2014 WL 2895457, at *12–13 (E.D. Tenn. June 26, 2014) (suppression inappropriate under *Davis*); *United States v. Brown*, No. 14–CR–20007, 2014 WL 3924635, at *2 (C.D. Ill. Aug. 11, 2014) (reaching the same conclusion, but possibly in dicta).

Here, it was reasonable for the San Francisco police officers in January 2010 and October 2011 to rely on prevailing state law. Indeed, at the time Harding's phone was searched, delayed warrantless cell phone searches had been permissible in California for years as approved by the Court of Appeals. *See People v. Diaz*, 165 Cal.App.4th 732 (2008). When Ferdinand's phone was searched, the California Supreme Court had upheld precisely the conduct the defendants complain of. Thus, the defendant's reliance on *Riley* and the December 2014 post-*Riley* Ninth Circuit opinion in *United States v. Camou*, 773 F.3d 932, 937 (2014) is unavailing. In sum, the key question is not whether new precedent overruled previous precedent; rather the question is whether police acted in objectively reasonable reliance on judicial precedent *at the time*. As Judge Tigar noted in the recent decision in *Garcia*:

> [T]he Court concludes that Diaz provides sufficient "binding appellate precedent" that "specifically authorized" the actions the officers took in this case. **The officers were investigating the violation of local and state laws, and it was likely that any prosecution arising out of their investigations would take**

---

[2] *But cf United States v. Martinez*, No. 13-cr-00794-WHA, 2014 WL 3956677, at *4-5 (N.D. Cal. Aug. 12, 2014)(suppressing warrantless cell phone search and concluding that court need not decide whether *Davis* and *Diaz* apply in light of *Riley*); *Garcia*, 68 F. Supp. 3d 1113 ("[T]he Court reads *Martinez* as concluding that the search failed to qualify as a permissible search incident to arrest for some reason *other* than the reasons rejected in *Diaz* and accepted in *Riley*. Otherwise, *Davis* would presumably apply, since the officers were entitled to rely on *Diaz*'s then-binding holding.")

> **place in California state court. The fact that their investigatory efforts ended up later supporting a prosecution in federal court cannot logically transform their actions from the reasonable application of binding precedent to a constitutional violation deserving of suppression**.

(emphasis added). The actions of the officers in this case were reasonable and lawful. Any other result would have the unwanted effect of punishing police for relying on prevailing law and placing on them the impossible burden of foretelling changes in precedent years before they happen.

## CONCLUSION

For the foregoing reasons the United States respectfully requests that the Court deny the defendants' motions to suppress.

DATED: October 2, 2015                     Respectfully submitted,

                                               BRIAN J. STRETCH
                                               Acting United States Attorney

                                               /s/
                                               DAMALI A. TAYLOR
                                               Assistant United States Attorney