1  ROBERT WAGGENER - SBN - 118450
   214 DUBOCE AVENUE
2  SAN FRANCISCO, CA 94103
   Phone:      (415) 431-4500
3  Fax:        (415) 255-8631
   E-Mail:     rwlaw@mindspring.com
4
   Attorney for Defendant ESAU FERDINAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR13 0764 WHO |
| Plaintiff, | **DEFENDANT FERDINAND'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO SUPPRESS** |
| v. | |
| ESAU FERDINAND, | Date: October 15, 2015 |
| | Time: 9:00 a.m. |
| Defendant. | Crtrm.: Honorable William H. Orrick |

## INTRODUCTION

Defendant Esau Ferdinand hereby replies to the **UNITED STATES' OMNIBUS OPPOSITION TO DEFENDANT FERDINAND AND HARDING MOTIONS TO SUPPRESS** [hereinafter "Opposition"][Dkt. No. 512], to the extent it addresses the cell phone search challenged in Defendant Ferdinand's motion [Dkt. No. 482]. The government has a blanket explanation that the 2011 search of the Ferdinand cell phone was a legal warrantless search incident to arrest, yet does not address the basic discovery issues of where, how, and when the phone was located and/or searched. Search and seizure law is obviously a fact based inquiry. Because defendant's motion has not flushed out the essential facts regarding the arrest of the defendant and the cell phone seizure and download, defendant Ferdinand requests this Court to reserve ruling on the motion to suppress until discovery is produced as to the subject arrest incident and the subsequent cell phone search.

**STATEMENT OF FACTS**

Perhaps the underlying motion to suppress would have been better labeled as a motion for discovery regarding the seizure of Esau Ferdinand's phone on October 25, 2011, particularly given the government's Opposition. In the declaration of counsel accompanying the original motion to suppress [Dkt. No. 483], it was pointed out that with the present state of discovery production, defense counsel had not received an actual arrest report for the arrest of Defendant Esau Ferdinand on October 25, 2011 and was not aware of the San Francisco Police Department's explanation as to the seizure of a cell phone possessed by Esau Ferdinand, or its subsequent download. Defendant does not dispute that in October 2011 there was an active warrant for his arrest. An inspector's report has been produced which gives an indication that Mr. Ferdinand was arrested at approximately 1:30 p.m. on October 25, and that he was taken to Southern Station (BG005730). There is a download of a cell phone which was produced labeled "Ferdinand's Telephone", with a report dated October 25, 2011 at 4:08 p.m., (BG005840-6180; also, BG080255-06), but there is no indication as to whether it was done pursuant to a warrant, who seized the cell phone and when or how, and/or who directed the download, or who did the later download and under what circumstances.

The government's responsive pleading now confirms that the search of the cell phone was warrantless, but provides no further information as to the facts regarding the arrest of the defendant, the seizure of the phone, and its later download. (Opposition 2:14-3:6) Defendant now submits that until that discovery is produced, the hearing on this motion should be continued until the specifics of the search and seizure can be addressed.

///

///

///

///

## **CONCLUSION**

For the foregoing reasons, Defendant Esau Ferdinand respectfully requests that this Court defer ruling on his motion to suppress until discovery has been produced and a briefing schedule and future hearing date are set.


Dated: October 8, 2015						Respectfully submitted,


											/s/
											ROBERT WAGGENER
											Attorney for Defendant
											ESAU FERDINAND