Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833
vermeulen@mindspring.com

Attorney for Defendant
CHARLES HEARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES HEARD, et al.,<br><br>　　　　Defendants. | No. 13-cr-00764-WHO |

**DEFENDANT CHARLES HEARD'S JOINDER IN CODEFENDANT ADRIAN GORDON'S MOTION TO EXCLUDE DNA TEST RESULTS AND REQUEST FOR A *DAUBERT* HEARING; NOTICE OF INTENTION TO SUPPLEMENT WITH CASE-SPECIFIC INFORMATION PERTINENT TO THE TESTING AND ANALYSIS CONDUCTED BY SEROLOGICAL RESEARCH INSTITUTE**

Date: January 22, 2016
Time: 9:00 a.m.

TO THE HONORABLE COURT, THE U.S. ATTORNEY'S OFFICE, AND DEFENSE COUNSEL:

PLEASE TAKE NOTICE that Defendant Charles Heard hereby joins in Codefendant Adrian Gordon's motion to exclude DNA test results and request for a *Daubert* hearing, to be filed today. The DNA testing and analysis conducted in connection with Codefendant Gordon involved low copy number (LCN) DNA or low template (LT) DNA, as did the DNA testing and analysis pertinent to Mr. Heard. Thus, although the laboratories that undertook DNA testing for the Government were different (with the Contra Costa County Laboratory conducting the testing regarding Codefendant Gordon, and Serological

Research Institute (SERI) conducting the testing regarding Mr. Heard), many of the issues and principles pertinent to the Court's analysis under Fed. R. Evid. 702 and *Daubert* will be applicable to the testing regarding both of these defendants, such that a coordinated *Daubert* hearing makes sense. Mr. Heard contends, similar to Codefendant Gordon, that the manner in which the requisite lab conducted the DNA testing is flawed and unreliable under Rule 702 and *Daubert*, and that the manner in which the LCN/LT DNA results were interpreted is unreliable. A *Daubert* hearing is necessary to address these issues.

Counsel for Mr. Heard intends to supplement this joinder with information specific to the testing and analysis conducted by SERI. Counsel also may have requests for additional discovery pertinent to SERI and its analysis regarding Mr. Heard.[1] Counsel had not focused on this issue because the DNA discovery produced previously makes clear that the genetic marker profiles relevant to LCN DNA evidence potentially related to Mr. Heard pertain to a mixture of several persons (three contributors for one potentially relevant profile, four contributors for the other), and that by even SERI's calculations, the statistical likelihood that other persons similarly could be included as contributors with respect to Mr. Heard is quite common: approximately 1 person in 12,600 for one profile could similarly be included, and approximately 1 person in 20 for the other profile could similarly be included.

Relatedly, present counsel previously had not been focusing on the DNA issues because it appeared clear that any DNA analysis potentially relevant to Mr. Heard involves LCN DNA, about which there is significant controversy in the scientific community, rendering admission of LCN DNA analysis into evidence questionable, at best. *See, e.g., United States v. McClusky*, 954 F.Supp.2d 1224 (D.N.M. 2013) (results of LCN testing by the Government's laboratory were not sufficiently reliable to

---

[1] As the Court is aware, DNA discovery issues regarding analysis undertaken by SERI were being litigated by counsel for Codefendant Williams, and since the DNA analysis potentially applicable to Mr. Heard similarly involved SERI, present counsel was joining in Codefendant Williams' motions. However, in the Government's recent filing in opposition to Codefendant Williams' discovery motion for DNA evidence (*United States' Opposition to Defendant Williams' Motion for Discovery of DNA Evidence* (Dkt. No. 513), the Government disclosed for the first time that it has no intention of seeking to introduce DNA evidence against Codefendant Williams. As such, present counsel understands that Codefendant Williams no longer will be pursuing discovery regarding SERI and its testing and analysis, and present counsel therefore now must undertake that task. And at the meet and confer session with the Government on November 12, counsel for the Government indicated that they would be willing to entertain further requests for information/discovery necessary to address the DNA issues, which counsel for Mr. Heard appreciates.

DEF. HEARD'S JOINDER IN CODEF. GORDON'S MOT. TO EXCLUDE
DNA TEST RESULTS AND REQUEST FOR A *DAUBERT* HEARING

satisfy Rule 702 and the *Daubert* standard, and "the reliability of LCN testing is 'not generally accepted in the relevant scientific community'" (citing and quoting *Daubert*, 509 U.S. at 593-94)); *cf. People v. Megnath*, 27 Misc.3d 405, 413 (N.Y. Sup. Ct. 2010) (New York trial court held that LCN results are admissible; *Megnath* was distinguished by the district court in *McClusky*, 954 F.Supp.2d at 1279-80 as "not persuasive, for a number of reasons"); *see also United States v. Young*, 571 Fed.Appx. 558 (9th Cir. 2014) (in case involving LCN DNA analysis by Gary Harmor of SERI, Ninth Circuit reversed because the district court did not make any determination on the record that this expert had used valid methods and would offer reliable testimony, and the record was insufficient for the circuit court to determine if the expert testimony was reliable and relevant).[2] Nevertheless, given the Government's recently stated intention to seek to introduce DNA evidence against Mr. Heard, this litigation is necessary.

Dated: December 1, 2015                     Respectfully submitted,

                                                                                                                           */S/*
                                                            Mark R. Vermeulen
                                                            Attorney for Defendant
                                                            CHARLES HEARD

---

[2] In the Government's recent expert disclosures, provided on October 21, 2015, they indicate that they intend to seek to introduce testimony via proposed expert Gary Harmor of SERI regarding the DNA testing and analysis pertinent to Mr. Heard. On that same date (October 21), the Government filed the *United States' Notice of Intent Not to Seek the Death Penalty* (Dkt. No. 538), an issue that had commanded present counsel's attention over the months this case has been pending.

DEF. HEARD'S JOINDER IN CODEF. GORDON'S MOT. TO EXCLUDE
DNA TEST RESULTS AND REQUEST FOR A *DAUBERT* HEARING