Mark R. Vermeulen  [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA  94110.2044
Phone: 415.824.7533
Fax: 415.824.4833
vermeulen@mindspring.com

Attorney for Defendant
CHARLES HEARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>CHARLES HEARD, et al.,<br><br>        Defendants. | No. 13-cr-00764-WHO |

**DEFENDANT CHARLES HEARD'S REPLY RE: JOINDER IN CODEFENDANTS ADRIAN GORDON'S AND ESAU FERDINAND'S MOTIONS TO EXCLUDE DNA TEST RESULTS AND REQUESTS FOR A *DAUBERT* HEARING**

Date: January 22, 2016
Time:  9:00 a.m.

    In the Government's expert disclosures, they indicated that they would seek to introduce DNA evidence against Defendant Heard at trial: two genetic marker profiles potentially related to Mr. Heard which pertain to a mixture of several persons (at least three contributors for one potentially relevant profile, and at least four contributors for the other).  By the calculations of Serological Research Institute (SERI), the laboratory that undertook the testing, the statistical likelihood that other persons similarly could be included as contributors with respect to Mr. Heard means they are quite common: approximately 1 person in 12,600 for one profile could similarly be included, and approximately 1 person in 20 for the other profile could similarly be included.

In light of the Government's stated intention, Mr. Heard joined in Codefendant Gordon's *Motion to Exclude DNA Test Results and Request for Daubert Hearing* (Dkt. No. 639) and in Codefendant Ferdinand's *Motion to Exclude Evidence From DNA Testing Performed by Serological Research Institute and Request for Daubert Hearing* (Dkt. Nos. 648 and 649). *See* Mr. Heard's *Joinder in Codefendant Adrian Gordon's Motion to Exclude DNA Test Results* (Dkt. No. 638; "*Joinder in Gordon's DNA Motion*"); *Joinder in Codefendants' Motions* (Dkt. No. 683). As noted in the *Joinder in Gordon's DNA Motion*, the DNA testing and analysis conducted in connection with Codefendant Gordon involved low copy number (LCN) DNA or low template (LT) DNA, as did the DNA testing and analysis pertinent to Mr. Heard. Dkt. No. 638 at 1:23-2:6. As such, many of the issues and principles pertinent to the Court's analysis under Fed. R. Evid. 702 and *Daubert* will be applicable to the testing regarding both of these defendants (even though two different labs were involved), such that a coordinated *Daubert* hearing makes sense. And as noted briefly in Mr. Heard's joinder in Codefendant Ferdinand's DNA/*Daubert* motion, Dkt. No. 683 at 2:1-3, the DNA testing performed that is pertinent to Codefendant Ferdinand was performed by SERI, the same lab that performed the DNA testing pertinent to Mr. Heard, so coordination similarly makes sense.

As counsel for Mr. Heard explained in the *Joinder in Gordon's DNA Motion*, counsel needed to make further discovery requests for documents and information pertinent to SERI and its analysis regarding Mr. Heard in order to litigate the DNA/*Daubert* issues. Dkt. No. 638 at 2:7-3:10. Counsel for Mr. Heard presented those requests to the Government early in December, and the parties met and conferred earlier this week (in addition to the meet-and-confer they undertook in November; *see* Dkt. No. 638 at 2:26-28). At the recent meet-and-confer, the Government indicated that the requests should be directed to SERI itself, and counsel for Mr. Heard therefore is preparing the necessary application for a subpoena duces tecum for the documents and information, which he will submit to the Court next week. Counsel for Codefendant Ferdinand (whose DNA testing also was conducted by SERI) will be joining in that application and the requests, as the documents and information similarly are pertinent to him.

The items requested by Mr. Heard (which he will now subpoena from SERI) include laboratory protocols, frequency tables and interpretation guidelines; unexpected results and corrective actions; accreditation documentation; and validation studies, including validation studies for sensitivity, analytical and stochastic thresholds used by the laboratory in their standard operating procedures, mixtures, and statistics calculations. These items are the same as many of the items relevant to Codefendant Gordon's *Motion* (Dkt. No. 639), and the issues addressed very specifically in Codefendant Gordon's *Reply Memorandum* (Dkt. No. 794). These items are essential for the Court to be able to address the LCN DNA analysis pertinent to Mr. Heard under the principles set forth in *United States v. McCluskey*, 954 F.Supp.2d 1224 (D.N.M. 2013) and related authority, as discussed in Codefendant Gordon's briefing.

In light of the above, counsel for Mr. Heard currently is not able to provide a substantive reply in support of his joinders in the DNA/*Daubert* motions and he will not be able to do so until he obtains the necessary documentation and information, analyzes it, and submits further briefing. In light of the Court's recent indications regarding timing and rescheduling in the case, further time seems feasible in order to enable the parties and the Court to appropriately address the DNA/*Daubert* issues,[1] and counsel requests that the Court permit counsel to obtain the necessary documents and to undertake the necessary work.

Dated: January 8, 2016  Respectfully submitted,

 */S/*
 Mark R. Vermeulen
 Attorney for Defendant
 CHARLES HEARD

---

[1] Counsel also notes the Court's recent indication in the *Order Regarding Discovery Motions Heard on December 17, 2015* (Dkt. No. 758) at 5:23-25 regarding Codefendant Gordon's motion for discovery of further DNA related materials, in which the Court addressed "'the summary spreadsheets and chart, data and interpretational notes' for six of the twelve summaries provided" and stated "I [the Court] note that Gordon has a pending *Daubert* motion on January 22, 2016 that may shed further light on the importance of the documents he seeks, and if they appear material I may require their production in the interest of justice."