1  ROBERT WAGGENER - SBN - 118450
   214 DUBOCE AVENUE
2  SAN FRANCISCO, CA 94103
   Phone:      (415) 431-4500
3  Fax:        (415) 255-8631
   E-Mail:     rwlaw@mindspring.com
4

5  Attorney for Defendant ESAU FERDINAND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR13 0764 WHO |
| Plaintiff, | **DEFENDANT FERDINAND'S REPLY TO UNITED STATES OPPOSITION TO MOTION TO EXCLUDE EVIDENCE OF FINGERPRINT IDENTIFICATION [ECF NOS. 649, 650, 750]** |
| v. | |
| ESAU FERDINAND, | |
| Defendant. / | Date: January 22, 2016<br>Time: 9:00 a.m.<br>Crtrm.: Honorable William H. Orrick |

Defendant Ferdinand hereby replies to the United States' Opposition to Defendant Ferdinand's Motion to Exclude Evidence of Fingerprint Identification (Dkt. No. 750). [hereinafter Opposition] Defendant Ferdinand continues to request a *Daubert* hearing as to the introduction of the specific fingerprint identification evidence set out in its expert disclosure, but maintains that the government's currently inadequate expert disclosure and discovery production prevent defense counsel and this court from properly assessing the issues. The Court should strike the government's fingerprint identification expert or, at a minimum, order further disclosures.

The government no longer intends to call forensic examiner Pam Cunningham to testify regarding fingerprint identification, and instead will rely on the testimony of forensic examiner expert Spencer Gregory. (Opposition pp. 2-3 fn. 1) The October 21, 2015 text of the disclosure

regarding Mr. Gregory is set out in prior pleadings but can be summarized in pertinent part that Gregory can be expected to testify that he reviewed the and confirmed the examination of Pam Cunningham as to fingerprints found using black powder on a handicap placard. Using the Analysis, Comparison, and Evaluation (ACE) methodology, he "confirmed that the latent prints on the placard belonged to Esau Ferdinand."[1] First of all, there was only one print located on a handicap placard, but more importantly, there has been no disclosure as to how Gregory specifically conducted his analysis, comparison, evaluation, or verification, just a vague reference to using the methodology. It is also unclear what process Spenser utilized to verify conclusions by Pam Cunningham, who the government no longer intends to call as a witness and for whom the government has never produced a resume or CV. There has been no report or declaration produced as to Gregory's latent print examination, nor any bench notes regarding that examination. In other words, there is no information that has been provided as to specific points of comparison or why Mr. Gregory was able to why the print on the placard was matched with a known left thumb print of Mr. Ferdinand. The lack of any specific reports was pointed out in defendants original motion (Dkt. No. 650, pp. 3-4), and that situation has not been remedied.

Defendant Ferdinand has been provided with a large batch of discovery regarding the April 3, 2011 incident, and that disclosure is aptly described by the government. (Opposition p.1) The disclosure includes information as to the recovery of a handicap placard by crime scene investigators that was found on the sidewalk behind the victim's vehicle, and the processing of the vehicle and the placard for fingerprints using black powder. Included within the discovery are crime scene diagrams, and diagrams and photos of the latent prints that were located, along with copies of known fingerprint cards for Esau Ferdinand. The problem is that the evidence produced by the government as to the identification process comes down to a single page San Francisco Police Department C.S.I. Latent Print Identification Form that has a checked box with a notation "Left thumb ID'd on handicapped placard located on sidewalk behind victim vehicle". (Bates BG005719) The form indicates that the comparison request was made by Inspector Whitfield on

---

[1] The ACE methodology is alternatively referred to as ACE-V, for Analysis-Comparison-Evaluation-Verification.

April 25, 2011, that the examination was done by Pam Cunningham on April 30, 2011, and that it was verified by Spenser Gregory on the same date. That is all that has been produced as to the actual latent print identification. [2]

In its Opposition the government cites extensively to Judge Alsup's decision in the *Cerna* case regarding the admissibility of fingerprint evidence. *United States v. Cerna*, No. CR08-0730 WHA, 2010 WL 3448528; 2010 U.S. Dist. LEXIS 144424 (N.D. Cal. Sept. 1, 2010) Fundamental to Judge Alsup's decision was a thorough expert disclosure that he ordered to be made by the fingerprint examiner in that case, including a declaration by the examiner as to whether there were any deviations from the ACE-V method, and the production of documentation as to the testing, including bench notes. *Id*. at *8-9. Here, defendant Ferdinand submits that the expert disclosure by the government as to the fingerprint identification issue and the government's discovery disclosures as to that specific issue are wholly inadequate. Under the circumstances, defendant Ferdinand requests the court to strike forensic examiner Spenser as an expert, incorporating by reference the authority for such a sanction in defendants' motion regarding gang expert Jackson. (Dkt. No. 542) In any event, given the inadequacy of the information disclosed and produced, the court should order complete disclosures such that the *Daubert* issue regarding the fingerprint examination can be properly examined and litigated.

Dated: January 10, 2016  Respectfully submitted,

/s/
ROBERT WAGGENER
Attorney for Defendant
ESAU FERDINAND

---

[2] On December 28, 2015 the government produced enlarged photographs of the known left thumb print for Mr. Ferdinand and the latent print apparently lifted from the handicap placard, but there was no documentation or report which accompanied the photos.
The single page form request for the fingerprint examination by Inspector Whitfield was included in Exhibit B to defendant's original motion. (Bates BG005687)