BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DAMALI TAYLOR (CABN 262489)
WILLIAM FRENTZEN (LABN 24421)
SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6753
    william.frentzen@usdoj.gov; damali.taylor@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 13-764 WHO |
| v. | **UNITED STATES' FURTHER STATEMENT REGARDING ADDITIONAL ACTS THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL** |
| ALFONZO WILLIAMS, et. al., Defendants. | |

**STATEMENT**

To date, the government has provided the defendants with notice of other acts by the defendants and their co-conspirators—not substantively charged—that the government intends to introduce at trial. These include the overt acts listed in the Second Superseding Indictment, in addition to the other numerous filings and disclosures the government has provided to the defense during the course of this case. *See, e.g*, Docket No. 738 (U.S. Opposition to Young's Motion to Suppress Recorded Statements). It also including the 13 acts listed in the government's November 2015 Rule 404(b) disclosures. The

government incorporates herein all of those previous disclosures.

On December 30, 2015, the Court ordered the government to provide the defense with a good faith list of additional acts the government intends to prove at trial. Docket No. 758. Accordingly, the government provides this further statement pursuant to the understanding that it may proceed to trial with multiple theories of liability: as principals, as aiders and abettors, and pursuant to *Pinkerton* liability as to all counts. In no way restricting, limiting, or diminishing the multiple theories of liability described above—and subject to change according to any additional investigation—the government currently expects that, at trial, the following evidence will be introduced:

- Evidence regarding the October 18, 2011 murder of Donte Levexier by defendants Ferdinand, Gordon and unindicted CDP member Vernon Carmichael;
- All evidence and communications (e.g., text messages, Facebook, Instagram) concerning defendant Young persuading, inducing, enticing and coercing individuals to engage in prostitution–including individuals under the age of 16;
- Evidence that in or around 2007, unindicted CDP member Leon Parker persuaded, induced, enticed and coerced a 16 year old to engage in prostitution;
- Statements by witnesses that defendant Williams has been engaged in persuading, inducing, enticing and coercing individuals to engage in prostitution.
- Evidence that from on or around September 23, 2011 through October 5, 2011, defendants Harding and Gordon committed a series of robberies, including:
    - 9/23/2011— defendants Harding, Gordon and unindicted CDP member Darryl Jones robbed an individual at gunpoint in the Sunset District of San Francisco of cash, credit cards, laptop and other personal items.
    - 9/23/2011—defendants Harding and Gordon robbed an individual at gunpoint in the Nob Hill area of San Francisco of a cell phone and other personal items.
    - 9/24/2011—defendants Harding, Gordon and unindicted CDP member Darryl Jones robbed two individuals at gunpoint in the Mission District of San Francisco of a purse and other personal items.
    - 9/27/2011—defendants Harding, Gordon and a third person robbed an individual at

| | |
|---|---|
| 1 | gunpoint in the Forest Hill area of San Francisco of his wallet, cell phone, laptop and |
| 2 | other personal items. |

- o 9/27/2011— defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Castro area of San Francisco of his wallet, and other personal items.
- o 9/27/2011—defendants Gordon and Harding robbed an individual at gunpoint in the Western Addition area of San Francisco of his phone, wallet and other personal items.
- o 9/29/2011— defendants Gordon and Harding robbed an individual at gunpoint in the Richmond District of San Francisco of his wallet and other personal items.
- o 9/30/2011—defendants Harding and Gordon robbed an individual at gunpoint in the Pacific Heights area of San Francisco of her wallet.
- o 10/1/2011—defendants Harding and Gordon robbed an individual at gunpoint in the Pacific Heights area of San Francisco of her luggage and cell phone.
- o 10/1/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Pacific Heights area of San Francisco of his wallet, cell phone and watch.
- o 10/3/2011—defendants Harding and Gordon and a third person robbed an individual at gunpoint in the Outer Mission area of San Francisco of his cell phone, wallet and keys.
- o 10/4/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Park Merced area of San Francisco of her purse and laptop bag.
- o 10/4/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Sunnyside area of San Francisco of his keys, wallet, computer bag and phone. When the victim returned home, his home had been burglarized.
- o 10/4/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint of his laptop in the Mission area of San Francisco.
- o 10/5/2011—defendants Gordon, Harding and unindicted CDP member Darryl Jones robbed an individual at gunpoint of his wallet and cell phone in the Marina area of San Francisco.

//
//

As noted above, this further statement is not intended to stand alone, and is supplemented by previous disclosures made by the government, as well as the discovery in the case.

Dated: January 15, 2016

Respectfully submitted,

BRIAN J. STRETCH
ACTING UNITED STATES ATTORNEY

By: _____/s/_____
Damali Taylor
William Frentzen
Scott Joiner
Assistant United States Attorneys