BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DAMALI TAYLOR (CABN 262489)
WILLIAM FRENTZEN (LABN 24421)
SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6753
    william.frentzen@usdoj.gov; damali.taylor@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 13-764 WHO |
| v. | **UNITED STATES' CONSOLIDATED STATEMENT REGARDING ADDITIONAL ACTS THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL** |
| ALFONZO WILLIAMS, et. al., Defendants. | |

**STATEMENT**

On December 30, 2015, the Court ordered the government to provide the defense with a good faith list of additional acts the government intends to prove at trial. Docket No. 758. The government complied on January 15, 2016. Docket No. 808. After the defense complained that all such statements were not in a single location, the Court asked the government to provide an updated list that incorporates the government's prior disclosures. Accordingly, in addition to the overt acts listed in the Second Superseding Indictment, the government provides this consolidated statement of evidence the

1

government currently expects will be introduced at trial:[1]

- Evidence regarding the October 18, 2011 murder of Donte Levexier by defendants Ferdinand, Gordon and unindicted CDP member Vernon Carmichael;
- All evidence and communications (e.g., text messages, Facebook, Instagram) concerning defendant Young persuading, inducing, enticing and coercing individuals to engage in prostitution–including individuals under the age of 16;
- Evidence that in or around 2007, unindicted CDP member Leon Parker persuaded, induced, enticed and coerced a 16 year old to engage in prostitution;
- Statements by witnesses that defendant Williams has been engaged in persuading, inducing, enticing and coercing individuals to engage in prostitution.
- Evidence from *U.S. v. Cheeves and Elmore*, CR09-1030 CRB;
- Evidence regarding the attempted kidnapping of a prostitute by defendant Robeson;
- Evidence regarding pimping of a 13 year old minor by defendant Robeson;
- Evidence from *U.S. v. Gregory Walker*, CR10-0772 WHA;
- Evidence concerning the pimping of a 15 year old minor and others by defendant Young;
- Recorded conversation wherein defendant Young discusses various crimes, including:
  - Defendant Young's admission that he murdered Jelvon Helton;
  - Defendant Young's statements regarding his partners and the crimes they are involved in;
  - Defendant Young's statements regarding how many murders he has committed;
  - Defendant's Young's statements regarding other women who work for him as prostitutes; and
  - Defendant Young's statements regarding hiding firearms;
- Wiretap recordings;
- Evidence concerning various acts committed by unindicted CDP members Daryl Jones and others as documented in reports obtained from SFPD's gang task force (See BG087628 - 89614).

---

[1] This and all statements are made pursuant to the understanding that the government may proceed to trial with multiple theories of liability: as principals, as aiders and abettors, and pursuant to *Pinkerton* liability as to all counts. In no way restricting, limiting, or diminishing the multiple theories of liability described above—and subject to change according to any additional investigation.

- Evidence concerning the 13 acts described in the SFPD police reports listed in the government's November 2015 Rule 404(b) disclosures, including:
    - November 27, 2000 narcotics possession by defendant Ferdinand and others;
    - Evidence regarding the presence of numerous CDP members at San Francisco General Hospital following the attempted homicide of CDP member Leon Parker and the discovery of a firearm in the parking lot shortly thereafter as described in more detail in SFPD incident report 070124561;
    - Defendant Heard's December 2008 possession of property stolen in a robbery and the circumstances of his arrest in the presence of other CDP members, including defendants Ferdinand and Elmore;
    - November 23, 2009 firearm possession by defendants Ferdinand and Harding;
    - February 23, 2011 narcotics possession for sale by defendant Ferdinand and others;
    - April 5, 2011 narcotics possession and possession of stolen property by defendants Ferdinand and Gordon;
    - April 6, 2011 auto burglary by defendants Gordon and Ferdinand;
    - August 8, 2011 auto burglary and possession of stolen property by Defendants Gordon and Harding and other CDP members;
    - August 24, 2011 robbery by Defendant Harding;
    - October 3, 2011 armed robbery by Defendant Harding;
    - October 12, 2011 detention of defendant Gordon with other CDP members and the discovery of digital scales in the vehicle in which Gordon was riding;
    - June 26, 2012 auto burglaries committed by defendant Gordon and unindicted CDP member Vernon Carmichael; and
    - August 27, 2013 burglary and possession of stolen property by Defendant Harding and other CDP members.
- Evidence that from on or around September 23, 2011 through October 5, 2011, defendants Harding and Gordon committed a series of robberies, including:
    - 9/23/2011— defendants Harding, Gordon and unindicted CDP member Darryl Jones

robbed an individual at gunpoint in the Sunset District of San Francisco of cash, credit cards, laptop and other personal items.

- 9/23/2011—defendants Harding and Gordon robbed an individual at gunpoint in the Nob Hill area of San Francisco of a cell phone and other personal items.
- 9/24/2011—defendants Harding, Gordon and unindicted CDP member Darryl Jones robbed two individuals at gunpoint in the Mission District of San Francisco of a purse and other personal items.
- 9/27/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Forest Hill area of San Francisco of his wallet, cell phone, laptop and other personal items.
- 9/27/2011— defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Castro area of San Francisco of his wallet, and other personal items.
- 9/27/2011—defendants Gordon and Harding robbed an individual at gunpoint in the Western Addition area of San Francisco of his phone, wallet and other personal items.
- 9/29/2011— defendants Gordon and Harding robbed an individual at gunpoint in the Richmond District of San Francisco of his wallet and other personal items.
- 9/30/2011—defendants Harding and Gordon robbed an individual at gunpoint in the Pacific Heights area of San Francisco of her wallet.
- 10/1/2011—defendants Harding and Gordon robbed an individual at gunpoint in the Pacific Heights area of San Francisco of her luggage and cell phone.
- 10/1/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Pacific Heights area of San Francisco of his wallet, cell phone and watch.
- 10/3/2011—defendants Harding and Gordon and a third person robbed an individual at gunpoint in the Outer Mission area of San Francisco of his cell phone, wallet and keys.
- 10/4/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Park Merced area of San Francisco of her purse and laptop bag.
- 10/4/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint in the Sunnyside area of San Francisco of his keys, wallet, computer bag and

phone. When the victim returned home, his home had been burglarized.
- 10/4/2011—defendants Harding, Gordon and a third person robbed an individual at gunpoint of his laptop in the Mission area of San Francisco.
- 10/5/2011—defendants Gordon, Harding and unindicted CDP member Darryl Jones robbed an individual at gunpoint of his wallet and cell phone in the Marina area of San Francisco.

Finally, concerning the double homicide of victims Turner and Heard, as stated in the government's July 21, 2015 Statement (Docket No. 430), the government currently expects that, at trial, the evidence will show, among other things, that: (1) defendant Heard participated in a set-up of the victims, (2) defendants Heard and/or Elmore met with the victims, (3) defendant Elmore used the firearm to fire the shots that killed the victims, and/or (4) defendants Heard and/or Elmore expected to be compensated for the murder of the victims.

The government has made every effort to provide a comprehensive list above. However, in the event the government has inadvertently omitted from this disclosure an act about which the defense was already notified in a previous disclosure, the government once more incorporates all previous disclosures concerning evidence the government intends to introduce at trial in this case.

Dated: January 29, 2016

Respectfully submitted,

BRIAN J. STRETCH
ACTING UNITED STATES ATTORNEY

By: _____/s/_____
Damali Taylor
William Frentzen
Scott Joiner
Assistant United States Attorneys