Ismail Ramsey (CSB 189820)
izzy@ramsey-ehrlich.com
Amy E. Craig (CSB 269339)
amy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600
(510) 291-3060 fax

Attorneys for Defendant Jaquain Young

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　Plaintiff;<br><br>　　vs.<br><br>JAQUAIN YOUNG,<br><br>　　Defendant. | Case No.: CR-13-00764 WHO<br><br>DEFENDANT JAQUAIN YOUNG'S REPLY IN SUPPORT OF MOTION *IN LIMINE* REGARDING JAILHOUSE RECORDING EXCERPTS THE GOVERNMENT INTENDS TO USE AT TRIAL<br><br>Hon. William H. Orrick<br>November 9, 2016 at 9:00 a.m. |

**PRELIMINARY STATEMENT**

When granting in part Mr. Young's motion to suppress statements that the government illegally recorded on June 18, 2014, the Court ordered the government to identify the specific statements from the six-and-a-half-hour-long recording that it believes are not prohibited by the order and that it intends to introduce at trial. The Court also ordered that, after receiving the specific designations, Mr. Young move *in limine* to preclude the admission into evidence of any specific statements which the defense believes to be "incriminating with respect to the then-pending pimping charges," or "otherwise inconsistent with [the Court's] Order." Dkt. 895 at 13:24-28.

In his subsequent motion *in limine*, Mr. Young objected to the more-than-fifty-pages of excerpted statements that the government identified on the grounds that numerous statements relate to the pimping charges against Mr. Young, which, under *Massiah*, the Court specifically ordered must be suppressed as incriminating with respect to the government's pimping-and-pandering charges against Mr. Young.[1]

**ARGUMENT**

**A. Consistent with its prior suppression order, this Court should exclude any recorded statements about pimping—whether about the pending charges or about the topic generally.**

This Court has already ordered suppressed any statements from Mr. Young "about pimping," whether specifically about the pimping charges at issue in this case or about pimping "in general, or other acts of pimping." Order (Dkt. No. 895) at 13:18-21. In its order, the Court recognized that, even if a statement does "not refer directly to [the]

---

[1] Mr. Young also objected that admitting the remaining statements would violate Federal Rules of Evidence 403 and 404(b) because their prejudicial nature outweighs any probative value. Because the 403 and 404(b) issues raised by Mr. Young are shared by many of the other defendants and apply to far more evidence than just the recorded statements, Mr. Young asks the Court to address those arguments at the time the motions *in limine* are fully briefed and argued before the Court.

charged offenses," it may "still be 'highly incriminating as to the pending charges.'" Order (Dkt. No. 895) at 12:2-6 ("All that matters is that the statements [are] incriminating as to the pending charges; it does not matter how" (*citing United States v. Bender*, 221 F.3d 265, 267 (1st Cir. 2000)). But, seemingly seeking a reconsideration of the Court's earlier order, the government now argues that this Court should admit into evidence seven statements that reference pimping. Gov't Opp. (Dkt. No. 1076) at 6:4-8:7.

Consistent with its prior order, this Court should exclude each of these statements, of which a discussion of each follows:

- **Statement 3 (Government Excerpts (Dkt. No. 959-3) at 3:18-5:9)**

The government wants to admit Statement 3, including specifically, "[T]he weed guy [another inmate] has never seen Young with a group of bitches." Opp. (Dkt. No. 1076) at 6:4-13. In support, the government makes a new argument that contradicts arguments it previously made to this Court. In its prior filings describing these same statements, the government proclaimed that "bitches" is code word for "prostitutes" and thus referenced Mr. Young's role as a pimp. *See* Govt. Opp (Dkt No. 738) at 10:11-12 ("[T]he defendant repeatedly volunteer[s] information about his other prostitutes, whom he call[s] his 'bitches.'"). Now that the Court has ruled that any statements about pimping be suppressed, the government reverses field and claims that statement "bitches" doesn't necessarily refer to prostitutes, and even if it does, the statement is not incriminating and thus is admissible. Opp. (Dkt. No. 1076) at 5:19-6:3.

The Court should reject the government's attempts to reinterpret the term "bitches" in order to circumvent this Court's prior order. As the government's own arguments demonstrate, a jury could interpret discussions of Mr. Young and "a group of bitches" as an admission that Mr. Young works with prostitutes. Further, the fact that Mr. Young is stating that an individual has not, in fact, "seen Mr. Young with a group of bitches" does not make it any less incriminating. The jury may infer from his statements

that it was only through luck or happenstance that this one individual did not see Mr. Young in the situation described.

At bottom, this Court ruled that statements that reference pimping are inadmissible. By the government's own definition, Statement 3 refers to pimping. The statement should be excluded.

- **Statement 4 (Government Excerpts (Dkt. No. 959-3) at 5:10-6:18)**:

The government concedes that Statement 4 includes a discussion of "pimping and pandering," yet seeks to exempt it from the Court's order on the grounds that Mr. Young was not describing himself engaging in pimping. Opp. (Dkt. No. 1076) at 6:14-22. Simply put, this Court should exclude the statement, because it references pimping.

- **Statement 9 (Government Excerpts (Dkt. No. 959-3) at 10:3-17:25):**

The government concedes that this excerpt discusses whether Mr. Young's "live in girlfriend, Taylor Norry" was "'hoing' at the time," but it claims that such a statement is not incriminating with respect to the pimping charges. Opp. (Dkt. No. 1076) at 6:23-26. The government's argument is belied by its own repeated characterizations of Ms. Norry as a prostitute for Mr. Young. *See* Dkt. No. 738 at 10:2-4 and 18:22 (describing Mr. Young's girlfriend as his "prostitute"). Because this statement specifically references prostitution (aka "hoing") it should be suppressed under the Court's order.

///
///
///

- **Statement 10 (Government Excerpts (Dkt. No. 959-3) at 18:8-20:21)**:

The government concedes that one could interpret this excerpt as relating to pimping and offers to redact the sentence, "One of my girls, like she was getting 20 by herself." Opp. (Dkt. No. 1076) at 7:1-3. But redacting one sentence does not exempt

the entirety of this statement from the Court's order. The statement contains additional references that relate to pimping (e.g., "two bitches in the club getting money").  This Court should exclude the entire excerpt.

- **Statement 11 (Government Excerpts (Dkt. No. 959-3) 21:14-34:26)**:

This excerpt discusses evidence the government missed when the police arrested Mr. Young for the pimping charges.  Amongst other things, Mr. Young says, "When they caught me right now [referring to the arrest leading to his incarceration on June 18, 2014], I had a gun in the car."  Mr. Young goes on to state that the government failed to locate the gun in question.  This statement is incriminating with respect to the pimping charges because it would lead a juror to believe Mr. Young had a gun on him when he was arrested for the pimping charges, thus making it more likely that a jury would find that he was meeting the undercover agent for a pimping purpose.  Because Statement 11 is explicitly about the charges that were pending at the time of the recording *and* because it is incriminating with respect to the pimping charges, this statement should be suppressed under the Court's order.

- **Statement 12 (Government Excerpts (Dkt. No. 959-3) at 35:13-37:2)**:

The government concedes that a jury could interpret this excerpt to be about Mr. Young's girlfriend, Taylor Norry and how she earns money. Opp. (Dkt. No. 1076) at 7:8-12.  Again, the government has previously claimed that Ms. Norry worked as a prostitute for Mr. Young. Dkt. No. 738 at 10:2-4 and 18:22 (describing Mr. Young's girlfriend as his "prostitute")). Now, to avoid exclusion under the Court's order, the government asserts that Ms. Norry earned her money legally through stripping. The government's own arguments demonstrate that a reasonable juror could interpret this statement to be about pimping.  It should be excluded.

- **Statement 14 (Government Excerpts (Dkt. No. 959-3) at 45:13-53:22)**:

This excerpt contains multiple references to activity that a juror could believe involves pimping. Indeed, in its earlier filings the government described these same remarks as depicting Mr. Young as "annoyed that the girlfriend/prostitute would expose him for someone who could only pay forty or fifty dollars." Dkt. No. 738 at 10:6-8. Statement 14 also includes other references that a jury could find relate to pimping, including a reference to a "bitch with the good hair" who "was getting 20." Under the government's own interpretation, such statements are incriminating with respect to the pending pimping charges and should be excluded.

### B. Statements regarding Mr. Young's alleged membership in the CDP are incriminating with respect to the pimping charges and should be suppressed on those grounds.

Although Mr. Young has never stated that he is a member of a CDP gang, the government has made clear that it intends to convince a jury that Mr. Young was such a member and that his role in the "gang" was to act as a pimp and share the proceeds with his alleged fellow members. The criminal complaint in Mr. Young's then-pending pimping case specifically cites Mr. Young's alleged membership in the CDP as tied to the pimping charges. Criminal Complaint, *United States v. Young*, No. 13-cr-00229-EMC, Dkt. No. 1 at ¶12. Two of the overt acts alleged against Mr. Young in support of the RICO charges are attempts to entice an individual into prostitution. Second Superseding Indictment (Dkt. No. 139) at ¶17b and ¶ 17dd. The Court's prior ruling on the recorded statements acknowledged the reality that the government's pimping allegations are intertwined with the government's RICO allegations against Mr. Young, as "the Second Superseding Indictment accuses CDP and its 'members and associates' of '[p]romoting and enhancing [CDP] and the activities of its members and associates, including . . . pimping." Dkt. No. 139 ¶ 19.

In light of the Court's ruling, the government now asserts that the two allegations are distinct and that Mr. Young's alleged membership in CDP is unrelated to the pimping charges. Again, the government's argument here belies its earlier assertions—the government claims that Mr. Young's role in CDP was a pimp. Because the government's pimping allegations against Mr. Young are intertwined with its gang allegations, any of Mr. Young's illegally recorded statements that reference membership in the CDP should be excluded under the Court's prior order as they are incriminating with respect to the pimping charges. *See* Motion (Dkt. No. 959) at 3:6-4:2 (citing specific statements that fall in this category).

### C. Mr. Young's general statements about the strength of the government's case against him should be excluded as they are incriminating with respect to the then-pending pimping charges.

The government also attempts to reframe Mr. Young's conversation with its informant as relating only to the later-charged crimes. The Court should reject the government's attempts. The reality is that Mr. Young was in the federal courthouse on June 18, 2014 for a hearing in his pending pimping case. There can be no question that the government's case against Mr. Young was at the forefront of his mind during his discussion with the government's informant. Thus there is no way to parse whether Mr. Young's general statements about the strength of the government's case against him relate to crimes other than pimping. Two examples below examples demonstrate this point:

- **Statement 1 (Government Excerpts (Dkt. No. 959-3) at 2:23-25)**

In this statement the government's informant prods Mr. Young, "when you be talkin' to your girl do you be tell her to be stuff like 'watchin' our movements,' and -" Mr. Young replies, "Yeah, yeah, yeah everything, she cool. There ain't nothing going on." As discussed above, the government has repeatedly insisted that Mr. Young's girlfriend acted as a prostitute for him. Under the government's own theory, evidence that shows

Mr. Young was engaging in pimping with other women would make it more likely for a jury to find that Mr. Young engaged in pimping in the charged offense. Thus, Mr. Young's statement that his girlfriend is "cool" could clearly be read to reference the pimping charges. This statement should be excluded.

- **Statement 3 (Government Excerpts (Dkt. No. 959-3) at 3:18-5:9)**

Here, Mr. Young is quoted as saying, "Dude I'm just sayin', there's nobody to put me nowhere around nothin'. They don't have no witnesses, sayin' nothin' about me. Anybody else, I don't give fuck what they got –." Mr. Young and the informant then go on to discuss whether the "weed guy" ever saw Mr. Young with a "a group of bitches." Again, these statements are incriminating with respect to the pimping charges as the jury may infer from Mr. Young's statements about the government's lack of evidence against him that such evidence in fact exists and would have been presented to the jury had Mr. Young not successfully covered his trail.

In short, to choose to interpret Mr. Young's general statements as relating only to his not-yet-charged case, rather than the case for which he was appearing in court that very day ignores reality. Mr. Young's general statements about the government's case and his ability to avoid detection are incriminating with respect to the pimping charges and should be excluded. *See* Motion (Dkt. No. 959) at 4:3-20.

### D. Mr. Young will ask the Court to exclude the remaining statements the government seeks to introduce as inadmissible under Rules 404(b) and 403.

The Court asked Mr. Young to bring this motion to identify statements the government seeks to introduce that violate the Court's prior order on Mr. Young's *Massiah* motion. Dkt. No. 895 at 13:22-28. As Mr. Young's opening motion indicates, Mr. Young also objects to some of the recorded statements on Rule 404(b) and 403 grounds. Given the overlap of Mr. Young's objections with his objections to other evidence and the objections of Mr. Young's co-defendants, those arguments should be

heard together at the time the other motions *in limine* are heard, to allow the Court and the parties the benefit of full briefing and oral argument.

**CONCLUSION**

This Court has previously held that the government violated Mr. Young's right to counsel when it recorded his statements on June 18, 2014. Dkt. No. 895. The government cannot now salvage its illegally obtained evidence through self-serving claims that the statements it seeks to introduce relate only to the yet-to-be charged conduct. Any statement that incriminates Mr. Young with respect to the pimping charges must be excluded. The government chose the manner of gathering its evidence and must live with the consequences. Dkt. No. 475 at 2:23-3:1.

Dated: November 3, 2016[2]     Respectfully Submitted,

/s/
_____
Ismail Ramsey
Amy Craig
Ramsey & Ehrlich LLP
*Counsel to Jaquain Young*

---

[2] The government requested an additional six days to file its opposition brief and in return offered Mr. Young "the same amount of extra time to respond."