UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>ESAU FERDINAND,<br>    Defendant. | Case No. 13-cr-00764-WHO-8<br><br>**ORDER DENYING COMPASSIONATE RELIEF**<br>Re: Dkt. No. 2381 |

Defendant Esau Ferdinand moved for compassionate release from Lompoc pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because he is of heightened risk of COVID-19 infection as a result of the conditions of his incarceration and his Type 2 diabetes, hypertension (high blood pressure) and obesity. I may grant his motion only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reasons that Ferdinand brings his motion are concerning: the impact of the COVID-19 in a prison setting can be particularly severe, and Ferdinand has underlying medical conditions that put him at elevated risk of contracting COVID. But when considered in light of the 18 USC 3553(a) factors, his motion does not meet the "extraordinary and compelling" standard and it is denied. For the reasons that follow, I also deny the suggestion that I recommend to the Bureau of Prisons that Ferdinand be placed on home confinement under the CARES Act.

The phrase "extraordinary and compelling reasons" has been defined by the United States Sentencing Commission in the application notes to U.S.S.G. § 1B1.13. There are five circumstances that qualify as "extraordinary and compelling reasons" to grant compassionate release.

The first two relate to the defendant's medical condition. The "extraordinary and

1  compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness
2  (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt.
3  n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or
4  cognitive impairment, or . . . deteriorating physical or mental health because of the aging process .
5  . . that substantially diminishes the ability of the defendant to provide self-care within the
6  environment of a correctional facility and from which he or she is not expected to recover." *Id*. §
7  1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and compelling
8  reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in
9  physical or mental health because of the aging process; and (iii) has served at least 10 years or 75
10 percent of his or her term of imprisonment, whichever is less." *Id*. § 1B1.13 cmt. n.1(B). Family
11 circumstances requiring the defendant to care for minor children or a spouse or registered partner
12 are a fourth qualifying reason. *Id*. § 1B1.13 cmt. n.1(C). Fifth, a catch-all provides for relief if,
13 "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an
14 extraordinary and compelling reason other than, or in combination with, the reasons described in
15 subdivisions (A) through (C)." *Id*. § 1B1.13 cmt. n.1(D).

16  Ferdinand suffers from Type 2 diabetes, hypertension and obesity. He is African
17 American, and there are disturbing racial disparities in the severity of COVID-19 infections. That
18 said, the medical record does not suggest the level of severity that would satisfy the medical
19 criteria for the first two factors discussed above. He is 38 years old, so he is not qualified by age.
20 He is not the primary caregiver for another. In sum, Ferdinand does not qualify for compassionate
21 release under the first four circumstances.

22  The catch-all fifth provision has me look at all the circumstances in his case in
23 combination, including ones in addition to the four just discussed. Here, I also consider the 18
24 U.S.C. § 3553(a) factors, which I considered when I imposed his sentence two years ago, the
25 amount of time he has served, and whether he would be a danger to the public if released.

26  Ferdinand was convicted of being a member of the Central Divisadero Playas (CDP), a
27 violent racketeering enterprise, knowing and intending that the racketeering activity would include
28 murder. The evidence at trial showed that Ferdinand was in the middle of many CDP's activities,

United States District Court
Northern District of California

and that he brutally robbed Vanson Truong.  I sentenced him to 20 years in prison.

I recognized at sentencing that Ferdinand had already been incarcerated for almost seven years for the crimes involved in this case and that he had a record in custody that showed good conduct and a desire to rehabilitate.  That record continues at Lompoc, which I am glad to see.  I am hopeful that Ferdinand is well on his way to rehabilitation and will live a law-abiding, productive life when he is ultimately released.  I do not know whether he would be a danger to the public if released today; I hope not, but as the government argues, he was before he was incarcerated.  Setting that question aside, though, given the seriousness of the crimes involved I do not think that the purposes of sentencing would be fulfilled by such an early release, with less than half of his sentence served.  His counsel argued that Ferdinand's sentence is long—not nearly as long as recommended by the government and probation at sentencing, but long by any standard.  However, there is a reason it is that long, and that reason is not lessened by the pandemic.  In consideration of all the factors mentioned, the purposes of sentencing are still best served by the sentence I imposed, and the other matters discussed in this Order do not make his case sufficiently "extraordinary and compelling" to warrant release.  The motion is denied.

**IT IS SO ORDERED.**

Dated: September 23, 2020

William H. Orrick
United States District Judge